UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terrell Leech,                                            Case No. 3:21-cv-86

         Plaintiff,

     v.                                                 MEMORANDUM OPINION
                                                           AND ORDER

Management & Training Corp., *et al.*,

         Defendants.

## I. INTRODUCTION

Defendants Management & Training Corporation and MTC Medical, LLC (the "MTC Defendants") have filed a motion for judgment on the pleadings on the remaining claims asserted by Plaintiff Terrell Leech. (Doc. No. 14). Leech filed a brief in opposition, (Doc. No. 15), and the MTC Defendants filed a brief in reply. (Doc. No. 16). For the reasons stated below, I grant Defendants' motion.

After briefing on that motion was completed, Plaintiff's Counsel filed a motion to withdraw, indicating he had been unable to reach his client for several months and believed he no longer could provide adequate representation. (Doc. No. 17). Counsel then filed a supplemental motion to withdraw, stating he had learned his client was again in the custody of the Ohio Department of Rehabilitation and Correction but that he still was unable to reach his client. (Doc. No. 18). I conclude counsel has established an appropriate basis under the Rules of Professional Conduct to withdraw from further representation and grant his motions to withdraw. (Doc. Nos. 17 and 18).

## II. BACKGROUND

I previously summarized the history and circumstances of Leech's claims against the Defendants in ruling on the MTC Defendants' motion to dismiss the claims asserted against Defendants John Stein, M.D.; Tyler Stuckey, P.A.; and John Does 1-5:

> Leech is an inmate held in the custody of the Ohio Department of Rehabilitation and Correction. He initially filed suit against the Defendants on June 2, 2017. (Case No. 3:17-cv-1158 ("*Leech I*")). Leech alleged:
>
>> On December 8, 2015, while incarcerated at North Central Correctional Center ("NCCC"), Plaintiff Terrell Leech sustained an injury to his right eye while playing basketball. (Doc. No. 1 at 6). He sought medical attention immediately. (*Id.*). The nurse on duty sought permission to send Leech to an outside hospital for treatment, but her request was denied by someone unknown to Leech. (*Id.*). Instead, the nurse cleaned the wound and taped the eye shut until Leech could be seen by a doctor. (*Id.* at 6-7).
>>
>> The next day, on December 9, 2015, Defendant Dr. John Stein sutured the wound in the corner of Leech's eye, even though Leech alleges Dr. Stein stated the equipment was inadequate to perform the procedure. (*Id.* at 7). On December 14, 2015, a supervising medical professional determined the stiches needed to be removed. (*Id.*). Persons speculated but unknown to Leech performed the removal procedure the same day. (*Id.*).
>>
>> Following removal, Leech noticed there was still a slit in his eyelid. (*Id.* at 8). Leech alleges Defendant Tyler Stuckey, P.A., advised that the wound should fully heal within a week. (*Id.*). It did not, and Leech was subsequently sent to the Wexner Center at the Ohio State University to see a specialist, who [prescribed] and eventually performed surgery on the eye. (*Id.* at 8-9). About a year after the initial injury, on December 6, 2016, Leech sent a letter through counsel to P.A. Stuckey and Dr. Stein advising each that he intended to file a medical malpractice suit. (Doc. No. 19-1 at 10).
>
> *Leech v. Mgmt. & Training Corp.*, Case No. 3:17-cv-1158, 2019 WL 1367199, at *1 (N.D. Ohio Mar. 26, 2019).
>
> Stein and Stuckey moved for judgment on the pleadings. I granted the motion in part and denied it in part, dismissing Leech's state law medical malpractice claim against Stein and his § 1983 claim against Stuckey. *Id.* at *4.
>
> The MTC Defendants then filed a second motion for judgment on the pleadings, arguing I should dismiss Leech's claims against Stein, Stuckey, and the John Doe defendants for failure of service of process pursuant to Rule 4(m). (*Leech I*, Doc. No. 42). Leech, rather than file a response to Defendants' motion, filed a motion to dismiss his claims without prejudice, which I granted on January 14, 2020. (*Id.*, Doc. Nos. 44 and 45).

2

> Leech subsequently initiated this litigation on January 12, 2021. (Doc. No. 1). He asserts three causes of action: (1) deliberate indifference to his serious medical needs in violation of the Fifth, Eighth, and Fourteenth Amendments; (2) policy, custom, and practice resulting in deliberate indifference to his serious medical needs in violation of the Fifth and Fourteenth Amendments; and (3) negligence in violation of Ohio law. (*Id.* at 9-12).

(Doc. No. 11 at 1-2).

### III. STANDARD

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 470 (2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555. The moving party must show there is no material issue of fact and that the movant is entitled to judgment as a matter of law. *Paskavan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

### IV. ANALYSIS

The MTC Defendants seek judgment on the pleadings as to Leech's unconstitutional custom or policy claims, arguing Leech fails to state a claim for relief because (1) he has not identified a specific policy, custom, or practice as required by § 1983[1] and (2) he is unable to prove an individual defendant committed an underlying constitutional violation. (Doc. No. 14 at 4-7). Leech argues he should be required to plead a specific written policy in order to withstand a motion to dismiss. (Doc. No. 15). He has not responded to the MTC Defendants' second argument.

---

[1] Private entities like the MTC Defendants may be subject to municipality liability under § 1983 if they "exercise powers which are traditionally exclusively reserved to the state." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (citations and quotation marks omitted).

3

I previously granted the MTC Defendants' motion to dismiss Leech's claims against Stuckey and Stein, concluding Leech's § 1983 claims against Stuckey and his Ohio-law medical negligence claims against Stein are barred by the doctrine of res judicata, and his § 1983 claims against Stein, his medical negligence claim against Stuckey, and all of his claims against the John Doe Defendants were barred by the applicable statute of limitations. (*Id.* at 3-6).

Because the MTC Defendants' liability "is alleged on the basis of the unconstitutional actions of its employees, it is necessary [for the Plaintiff] to show that the employees inflicted a constitutional harm." *Ewolski v. City of Brunswick*, 287 F.3d 492, 516 (6th Cir. 2002) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). I have dismissed all of Leech's claims against the individual defendants. Therefore, Leech cannot establish "a constitutional violation on which to base a claim of municipal liability," and his claims against the MTC Defendants must be dismissed. *Totman v. Louisville Jefferson Cnty. Metro Gov't*, 391 F. App'x 454, 466 (6th Cir. 2010). *See also Smith v. Erie Cnty. Sheriff's Dep't*, 603 F. App'x 414, 423 (6th Cir. 2015); *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007); *Ewolski*, 287 F.3d at 516.

### V.  CONCLUSION

For the reasons stated above, I grant the motions of Plaintiff's Counsel to withdraw from further representation, (Doc. Nos. 17 and 18), and grant Defendants' motion for judgment on the pleadings and dismiss Leech's remaining claims, (Doc. No. 14). The Clerk of Court shall serve Leech with notice of this Memorandum Opinion and Order via mail at his current correctional institution placement.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4